[Crim. No. 1147.   Third Appellate District.—February 27, 1931.]

THE   PEOPLE, Respondent, v. ALTON   H.   VAILE, Appellant.

Percy Napton for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

MR. JUSTICE THOMPSON (R. L.) DELIVERED THE OPINION OF THE COURT.—This is an appeal from a judgment and order of life imprisonment imposed on the defendant

upon conviction of two felonies and three prior convictions of felonies formerly committed by him.

By means of an information filed in Yolo County the defendant was charged with four separate felonies, together with three prior convictions of other felonies. To each of these charges of prior convictions of felonies he pleaded guilty. To each of the major felonies charged in the information he pleaded not guilty. To each of these · last-mentioned charges he also pleaded not guilty by reason of insanity. The second and third alleged offenses charged in the information were dismissed for lack of evidence. Upon trial the jury rendered separate verdicts finding the defendant guilty, (1) of lewd and lascivious conduct in violation of section 288 of the Penal Code, and, (2) guilty of the infamous crime against nature in violation of section 286 of the same code. The jury also rendered separate verdicts finding the defendant sane at the times of the commission of the two last-mentioned offenses. The defendant was thereupon sentenced to imprisonment in the state prison at Folsom for the term of his natural life without the benefit of parole. From this judgment the defendant has appealed.

The appellant contends that section 644 of the Penal Code, pursuant to the terms of which he was sentenced, is *ex post facto* and unconstitutional since it purports to increase the penalty by depriving the accused of the benefit of prison credits for good behavior and by denying him the right of parole on account of the three former convictions of felonies. This challenged statute reads in part: "Every person convicted in this state of any felony who shall have been previously three times convicted, either in this state or elsewhere, of any felony, shall be punished by imprisonment in the state prison for not less than life and shall not be eligible to parole."

The defendant also contends that these added penalties to the punishment of an habitual criminal are in conflict with article I, section 6, of the Constitution of California, which provides in part: "Nor shall cruel or unusual punishments be inflicted."

The appellant argues that depriving an habitual criminal of the benefit of prison credits for good behavior and denying him the right of parole are contrary to the spirit of modern legislation and that this innovation strikes a death

blow to the spirit of prison reform. No other points are raised on this appeal.

There is no merit in these contentions. Section 644 of the Penal Code is not *ex post facto* in its application nor unconstitutional on account of its alleged increase of punishment prescribed for an habitual criminal because of former convictions. (*Ex parte Gutierrez,* 45 Cal. 429; *People* v. *Rosencrantz,* 95 Cal. App. 92 [272 Pac. 786]; *People* v. *James,* 71 Cal. App. 374 [235 Pac. 81]; Cooley's Constitutional Limitations, 7th ed., 382.) Nor is this provision of the statute in violation of the inhibition of the Constitution prohibiting the inflicting of cruel and unusual punishment. (*In re Rosencrantz,* 205 Cal. 534 [271 Pac. 902, 904].) This last cited authority is a complete answer to every contention made by the appellant on this appeal. The opinion reads: "Neither can it be said that the deprival of petitioner of the right to parole is either cruel or unusual. It has only been at a comparatively recent date in the history of our state that any prisoner has been granted the favor of parole. The right to parole is simply a favor granted by the people of the state to those committed to our penal institutions as punishment for crime. The withholding of this favor by the legislature from any particular class of criminals cannot be said to inflict upon those from whom the privilege has been denied a punishment either cruel or unusual. The granting or withholding of the privilege of parole to any particular class of prisoners is largely a matter of expediency which is left to the law-making branch of our government, and the courts will not interfere with the legislature in the exercise of such power."

The parole and credit systems were enacted to encourage the reformation of criminals. There is good reason to assume the reformation of habitual criminals is comparatively hopeless. Having been thrice previously convicted of felonies it is probable the criminal habit of one is so firmly fixed that he is likely to follow a life of crime. Under such circumstances greater care is necessary to protect society against the criminal tendencies of such a lawless individual. The chief purpose of imposing a penalty for crime is to deter the accused and others from the commission of similar offenses. Habitual criminals require

more stringent means of restraining them from their criminal tendencies than first offenders. There is sound reason for the enforcement of added penalties for the perpetration of felonies by habitual criminals. The law is not unconstitutional.

The judgment and order are affirmed.