Filed 5/13/13

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,

      Plaintiff and Respondent,

      v.

AARON SUNG-UK PARK,

      Defendant and Appellant.

    S193938

    Ct.App. 4/1 D056619

    San Diego County
    Super. Ct. No. SCD210936

When the trial court sentenced defendant Aaron Sung-Uk Park for his crimes in the present proceeding, it imposed an additional term of five years under Penal Code section 667, subdivision (a), based upon defendant's previously having been convicted of a serious felony.[1]  The prior offense that triggered application of the five-year sentence enhancement was a conviction for assault with a deadly weapon that had originally been charged as a felony.  After defendant had pleaded guilty to that charge, the court had suspended imposition of sentence and granted probation.  Thereafter, but before defendant committed the current crimes, the trial court had reduced the prior offense to a misdemeanor under section 17, subdivision (b)(3), and then dismissed it pursuant to section 1203.4, subdivision (a)(1).  The Court of Appeal held that the conviction remained

---

[1]    Hereafter, undesignated statutory references are to the Penal Code unless otherwise indicated.

a prior serious felony for purposes of sentence enhancement under section 667, subdivision (a), notwithstanding its reduction to a misdemeanor, and affirmed the five-year sentence enhancement imposed by the court. We conclude that when the court in the prior proceeding properly exercised its discretion by reducing the assault with a deadly weapon conviction to a misdemeanor, that offense no longer qualified as a prior serious *felony* within the meaning of section 667, subdivision (a), and could not be used, under that provision, to enhance defendant's sentence. We therefore reverse the judgment of the Court of Appeal insofar as it upheld imposition of the five-year enhancement.

## I. FACTS AND PROCEDURAL BACKGROUND

In 2003, defendant pleaded guilty to a charge of felony assault with a deadly weapon in violation of section 245, subdivision (a)(1). The court suspended imposition of sentence and placed defendant on three years' probation with various conditions. In 2006, after defendant successfully completed the terms of his probation, the court reduced the offense to a misdemeanor in accordance with the procedures in section 17, subdivision (b)(3). Soon after that, the court dismissed the charge altogether under section 1203.4, subdivision (a)(1).

In September of the following year, defendant and his friends were involved in a fight outside a taco shop in San Diego County. A group of passersby briefly intervened to try to separate the participants and break up the fight, then continued on their way. Defendant left the fight and pursued the passersby, confronting them with a nine-millimeter semiautomatic handgun and demanding to know who had pushed him down. When Eric Joseph stepped forward, defendant shot him in the hip, thigh, and calf, causing serious injury. In connection with this incident, defendant was charged with attempted premeditated murder and assault with a firearm. (§§ 664, subd. (a)/187, subd. (a); § 245, subd. (a)(1).) For sentencing purposes, it was alleged, in relevant part, that

2

defendant had suffered a prior serious felony conviction within the meaning of section 667, subdivision (a) (hereafter section 667(a)), and the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12).

A jury acquitted defendant of attempted murder, finding him guilty of the lesser offense of attempted voluntary manslaughter. (§§ 664/192, subd. (a).) It also found defendant guilty as charged of assault with a firearm, and found true the associated allegations that defendant personally used a firearm and caused great bodily injury. (§§ 12022.5, subd. (a), 12022.7, subd. (a).) After those verdicts were rendered, defendant waived jury trial on the prior conviction allegations and admitted having suffered a prior serious felony conviction. Both defendant and his counsel informed the court, however, that the prior conviction had been reduced to a misdemeanor.

The court accepted defendant's admission of the prior serious felony allegations and sentenced him to a total term of 24 years, which included a second-strike sentence of 12 years for the assault conviction and a five-year sentence enhancement under section 667(a), based on defendant's previously having been convicted of a serious felony.[2]

The Court of Appeal affirmed the judgment. In the part of its opinion that is relevant here, the Court of Appeal upheld imposition of the five-year enhancement, concluding that the prior assault remained a serious felony

---

[2] Defendant's 24-year sentence was comprised of the middle term of six years for the assault with a firearm conviction, which the court doubled to 12 years as a second strike. To that sentence, the court added consecutive terms of four years for personally using a firearm, three years for causing great bodily injury, and five years for previously having been convicted of a serious felony. Sentence on the attempted voluntary manslaughter conviction was stayed pursuant to section 654.

conviction for purposes of section 667(a), notwithstanding its having been reduced to a misdemeanor pursuant to section 17, subdivision (b)(3) in 2006 and thereafter dismissed altogether. We granted review to decide whether a defendant adjudged guilty of a serious felony that has been reduced to a misdemeanor under section 17, subdivision (b)(3), and then dismissed pursuant to section 1203.4, subdivision (a)(1), is subject to sentence enhancement under section 667(a) in a subsequent criminal proceeding for having previously been convicted of a serious felony.[3]

## II. DISCUSSION

Our analysis begins with an overview of the history of section 17 and the decisions explaining its operation and effect. We then examine the language and history of section 667(a) to determine the electorate's intent regarding the interplay between that sentence enhancement provision and the operation of section 17. Finally, we consider the effect of section 1203.4.

### A. Classification of crimes pursuant to section 17

It is the Legislature's function " 'to define crimes and prescribe punishments . . . .' [Citation.]" (*People v. Anderson* (2009) 47 Cal.4th 92, 119.)

---

[3] Defendant's admission at trial that he had suffered a prior serious felony conviction did not bar him from claiming on appeal that his prior offense could not be used to increase his punishment under section 667(a). (*People v. Crowson* (1983) 33 Cal.3d 623, 627, fn. 3 [a defendant's stipulation to a prior conviction at trial "does not preclude a defendant from later demonstrating that the increased punishment which he received is unwarranted because his prior conviction does not fall within the class of convictions for which the statute authorizes such punishment"]; see *People v. Ellis* (1987) 195 Cal.App.3d 334, 342 [the defendant's admission of a prior federal bank robbery conviction for purposes of enhancement under section 667(a) did not preclude him from raising on appeal the legal question whether the prior conviction constituted a prior serious felony within the meaning of that provision].) The Attorney General does not argue to the contrary.

The Legislature has classified most crimes as *either* a felony or a misdemeanor, by explicitly labeling the crime as such, or by the punishment prescribed. "A felony is a crime that is punishable with death, [or] by imprisonment in the state prison . . . . Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions." (§ 17, subd. (a).) There is, however, a special class of crimes involving conduct that varies widely in its level of seriousness. Such crimes, commonly referred to as "wobbler[s]" (*People v. Kunkel* (1985) 176 Cal.App.3d 46, 51, fn. 3), are chargeable or, in the discretion of the court, punishable as either a felony *or* a misdemeanor; that is, they are punishable either by a term in state prison or by imprisonment in county jail and/or by a fine. (§ 17, subd. (b); *People v. Feyrer* (2010) 48 Cal.4th 426, 430, 433, fn. 4 (*Feyrer*).)[4]

---

[4] A recent amendment to section 17, subdivision (b), prompted by the Criminal Justice Realignment Act of 2011 (Stats. 2011, ch. 15, § 1), clarifies that "imprisonment in the state prison" includes imprisonment in a county jail pursuant to section 1170, subdivision (h)(1), (2), which provides that, unless certain enumerated exceptions apply, a defendant whose crime is punishable as a felony must serve his or her sentence in county jail rather than state prison. Section 17, subdivision (b) now reads in full: "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] (1) After a judgment imposing a punishment other than imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170. [¶] (2) When the court, upon committing the defendant to the Division of Juvenile Justice, designates the offense to be a misdemeanor. [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor. [¶] (4) When the prosecuting attorney files in a court having jurisdiction over misdemeanor offenses a complaint specifying that the offense is a misdemeanor, unless the defendant at the time of his or her arraignment or plea objects to the offense being made a misdemeanor, in which

*(footnote continued on next page)*

Assault with a deadly weapon, the crime upon which the section 667(a) enhancement was based in this case, is a wobbler because it is punishable by "imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment." (§ 245, subd. (a)(1); see *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 974, fn. 4 (*Alvarez*) [a court's sentencing discretion to classify a wobbler as a misdemeanor derives from the charging statutes that provide felony or misdemeanor punishment].)

When a fact finder has found the defendant guilty of, or the defendant has pleaded no contest or guilty to, a wobbler that was not charged as a misdemeanor, the procedures set forth in section 17, subdivision (b) (hereafter section 17(b)) govern the court's exercise of discretion to classify the crime as a misdemeanor. As relevant to the issue here, section 17(b)(3) provides that "[w]hen a crime is punishable, in the discretion of the court, either by imprisonment in the state prison . . . or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

*(footnote continued from previous page)*

event the complaint shall be amended to charge the felony and the case shall proceed on the felony complaint. [¶] (5) When, at or before the preliminary examination or prior to filing an order pursuant to Section 872, the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint."

As a general matter, the court's exercise of discretion under section 17(b) contemplates the imposition of misdemeanor punishment for a wobbler "in those cases in which the rehabilitation of the convicted defendant either does not require, or would be adversely affected by, incarceration in a state prison as a felon." (*In re Anderson* (1968) 69 Cal.2d 613, 664-665.)  The court's authority to exercise discretion in this regard is a long-established component of California's criminal law.  For purposes of the issue presented in this case, the proper interpretation and application of section 17(b)(3) is best understood, therefore, by a brief review of the history of the pertinent provisions of section 17 relating to wobblers generally.

The statutory authorization for a trial court's exercise of discretion to determine whether a wobbler should be treated as a felony or a misdemeanor first appeared in 1874.  (*People v. Superior Court (Perez)* (1995) 38 Cal.App.4th 347, 355-356.)[5]  As enacted, the provision of section 17 relating to the misdemeanor classification of wobblers applied only upon imposition of sentence and a judgment imposing that punishment, and did not address the scenario presented here, in which a trial court suspends imposition of sentence and grants probation. (*Meyer v. Superior Court* (1966) 247 Cal.App.2d 133, 137.)  In light of the statutory language then in existence, the relevant decisions held that unless and until the court imposed a sentence other than commitment to state prison, a wobbler was deemed a felony for all purposes.  (*People v. Banks* (1959) 53 Cal.2d

---

[5]    The 1874 amendment to section 17 added the following sentence:  "When a crime, punishable by imprisonment in the State Prison, is also punishable by fine or imprisonment in a County Jail, in the discretion of the Court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the State Prison."  (Code Amends. 1873-1874, ch. 196, § 1, p. 455.)

370, 381, 388 (*Banks*); *Doble v. Superior Court* (1925) 197 Cal. 556, 576-577; see *Feyrer, supra,* 48 Cal.4th at pp. 438-439 [reaffirming the rule].)[6]

 *Banks, supra,* 53 Cal.2d 370, illustrates application of the rule that a wobbler is deemed a felony for all purposes until the court actually imposes a sentence other than commitment to state prison.  In *Banks*, the defendant pleaded guilty to vehicle theft, a wobbler.  The court suspended imposition of sentence and granted the defendant three years' probation, conditioned upon 12 months in county jail, which the defendant successfully completed.  (*Id*. at p. 377.)  Thereafter, in a subsequent prosecution for unlawful possession of a firearm by a felon (former § 12021), the defendant pleaded guilty to that charge and admitted having suffered the prior conviction.  (*Banks, supra,* at p. 376.)  On appeal, the defendant argued that his motion below to set aside the judgment should have been granted because he had not suffered a prior felony conviction.  (*Id*. at pp. 380-381.)  This court rejected that contention based, in relevant part, on the ground that the defendant remained a convicted felon for purposes of the felon-in-possession offense "until and unless" the prior crime was reduced to a misdemeanor by the court's

---

[6] The language of section 17 added in 1874 also gave rise to the related rule that if the court exercised its discretion by imposing a sentence other than commitment to state prison, the defendant stood convicted of a misdemeanor, but only from that point forward; classification of the offense as a misdemeanor did not operate retroactively to the time of the crime's commission, the charge, or the adjudication of guilt. (*Doble v. Superior Court, supra,* 197 Cal. at pp. 576-577 [the court's reduction of a wobbler to a misdemeanor at sentencing had no retroactive effect on the statute of limitations applicable to that crime]; see also *People v. Moomey* (2011) 194 Cal.App.4th 850, 856-858 [a wobbler offense committed by a principal is deemed a felony at the time of its commission for purposes of imposing criminal liability on an accessory to a felony after the fact, even if, subsequent to the accessory's conviction, the principal's offense is reduced to a misdemeanor].)

pronouncement of a misdemeanor sentence.  (*Id*. at p. 388.)  Because in that case the trial court had not actually sentenced the defendant to misdemeanor punishment, the court in *Banks* held that the prior offense remained a felony that could be used to establish the defendant's guilt of unlawful possession of a firearm by a felon.  (*Id*. at pp. 387-388; see also *In re Anderson, supra,* 69 Cal.2d at p. 664 [" 'if no sentence is ever pronounced the offense remains a felony at all times' "].)

This former rule requiring imposition of a misdemeanor sentence to effectively reduce a wobbler to a misdemeanor under section 17 sometimes led to anomalous results in cases in which the court determined at the time of sentencing that the defendant deserved probation instead of incarceration.  For example, in granting probation in some such cases, the court suspended imposition of sentence in order to retain jurisdiction over the defendant during the probationary period. By using this procedure, the court afforded the defendant the opportunity to demonstrate that he or she had been rehabilitated and deserved being classified as a misdemeanant rather than a felon.  (*Feyrer, supra*, 48 Cal.4th at p. 439.)  But under the provisions of section 17 as it then read, several decisions held that when a trial court suspended imposition of sentence and granted probation, its exercise of discretion to reduce the offense to a misdemeanor was effective only if the court formally revoked probation during the probationary period and actually sentenced the defendant to county jail.  (See, e.g., *Banks, supra*, 53 Cal.2d at p. 382, fn. 7, citing *People v. Lippner* (1933) 219 Cal. 395, 403.)[7]  Unless the court followed

[7]     In these situations, after sentencing the defendant to county jail, the court typically would then suspend that sentence and grant misdemeanor probation, and then find that the defendant had satisfied the terms of probation and terminate it. (See Woodruff J. Deem, Ventura County District Attorney, letter to Sen. Robert J. Lagomarsino, Feb. 12, 1963 [urging the lawmaker to sponsor a bill to amend § 17 that would render these additional procedures unnecessary].)

that procedure, the cases held that even though the trial court had granted

probation, had not imposed any term of confinement, and had intended that the

offense be deemed a misdemeanor after the successful completion of probation,

the defendant nonetheless must be treated as previously having been convicted of

a felony.  By contrast, if a trial court determined at the time of sentencing that the

defendant's crime warranted incarceration and committed him or her to county

jail, under the governing cases, that defendant would be considered as having been

convicted of a misdemeanor.

To remedy both the cumbersome procedures for complying with section 17's

requirements in a case in which the court suspended imposition of sentence and

granted probation, and the anomalous results that occurred when the court failed to

do so, the Legislature amended section 17 in 1963 to provide a streamlined

mechanism for reducing a wobbler to a misdemeanor under these circumstances.

(Stats. 1963, ch. 919, § 1, pp. 2169-2170.)[8]  Under the 1963 amendment, which

appears in its present form as section 17(b)(3), the court may reduce a wobbler to a

misdemeanor either by declaring the crime a misdemeanor at the time probation is

granted or at a later time — for example, when the defendant has successfully

---

[8]      The 1963 amendment to section 17 added a second paragraph, with the
following language:  "Where a court grants probation to a defendant without
imposition of sentence upon conviction of a crime punishable in the discretion of
the court by imprisonment in the state prison or imprisonment in the county jail,
the court may at the time of granting probation, or, on application of defendant or
probation officer thereafter, declare the offense to be a misdemeanor."  In a letter
to then-Governor Edmund G. Brown urging him to sign the legislation, the bill's
author referenced the serious consequences for a probationer whose conviction
was unintentionally deemed a felony rather than a misdemeanor, including its use
as a prior felony conviction in a subsequent criminal prosecution.  (See Sen.
Robert J. Lagomarsino, sponsor of Sen. Bill No. 802 (1963 Reg. Sess.), letter to
Edmund G. Brown, June 4, 1963.)

completed probation. (See *Meyer v. Superior Court, supra*, 247 Cal.App.2d at p. 140 [as amended, § 17 authorizes the court to reduce a wobbler to a misdemeanor even *after* probation has expired].)

It is evident from the statutory language that a wobbler becomes a "misdemeanor for all purposes" under section 17(b)(3) only when the court takes affirmative steps to classify the crime as a misdemeanor. When the court properly has exercised its discretion to reduce a wobbler to a misdemeanor under the procedures set forth in section 17(b), the statute generally has been construed in accordance with its plain language to mean that the offense is a misdemeanor "for all purposes." (See *People v. Navarro* (1972) 7 Cal.3d 248, 271 [commitment to the (former) Youth Authority, which reduced a wobbler to a misdemeanor by operation of § 17(b)(2), rendered the defendant eligible for a narcotics addiction rehabilitation program that prohibited participation by convicted felons]; *People v. Hannon* (1971) 5 Cal.3d 330, 340 [concluding that the statutory language of § 17(b) was plain and unequivocal]; see also *People v. Marshall* (1991) 227 Cal.App.3d 502, 504-505 [the defendant's honorable discharge from the Youth Authority, which by operation of the terms of § 17, subd. (c), rendered his wobbler a "misdemeanor for all purposes," precluded imposition of a five-year prior serious felony enhancement under § 667(a) in a subsequent criminal proceeding].)

Significant to the issue presented here, reviewing courts have long recognized that reduction of a wobbler to a misdemeanor under what is now section 17(b) generally precludes its use as a prior felony conviction in a subsequent prosecution. (See *Banks, supra*, 53 Cal.2d at p. 388 [recognizing that a wobbler reduced to a misdemeanor "would not be available . . . to increase defendant's punishment if defendant should thereafter prove himself a recidivist"]; *People v. Pryor* (1936) 17 Cal.App.2d 147, 152-153; *People v. Rowland* (1937)

11

19 Cal.App.2d 540, 541-542; see also *People v. Camarillo* (2000) 84 Cal.App.4th 1386, 1390 [absent a specific statutory command to the contrary, a wobbler reduced to a misdemeanor by the court's exercise of discretion under § 17(b) does not qualify as a prior felony conviction].) As the appellate court observed in *In re Rogers* (1937) 20 Cal.App.2d 397, 400-401, one of the "chief" reasons for reducing a wobbler to a misdemeanor "is that under such circumstances the offense is not considered to be serious enough to entitle the court to resort to it as a prior conviction of a felony for the purpose of increasing the penalty for a subsequent crime."

The provisions of section 17(b) are not necessarily conclusive, however, and the Legislature sometimes has explicitly made clear its intent to treat a wobbler as a felony for specified purposes notwithstanding a court's exercise of discretion to reduce the offense to a misdemeanor. For example, under Business and Professions Code section 6102, subdivision (b), an attorney who pleads guilty to, or is found guilty of, a wobbler charged as a felony is deemed convicted of a felony and subject to immediate suspension from the practice of law, even if the offense has been reduced to a misdemeanor pursuant to section 17(b)(1) or (b)(3). (See also Gov. Code, § 1029, subd. (a) [disqualifying from employment as a peace officer any person who has been adjudged guilty of a felony, notwithstanding reduction of the offense to a misdemeanor pursuant to § 17(b)].) Similarly, under a provision of the Three Strikes law, the determination whether a prior conviction qualifies as a strike for purposes of sentencing under that law is based "upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor." (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1).) The Three Strikes law also explicitly provides that the determination of whether a prior offense constitutes a strike is not affected by the "suspension of imposition of judgment or

12

sentence." (§§ 667, subd. (d)(1)(A), 1170.12, subd. (b)(1)(A).) By this language, lawmakers made clear their intent to bring within the reach of the Three Strikes law a defendant whose wobbler was reduced to a misdemeanor after the time of initial sentencing. (See *Feyrer, supra*, 48 Cal.4th at pp. 443-444 & fn. 8 [finding it evident that a wobbler reduced to a misdemeanor under § 17(b)(3) after suspension of imposition of sentence could be used as a prior felony conviction under the Three Strikes law in the event the defendant were to suffer a subsequent felony conviction]; see also *People v. Franklin* (1997) 57 Cal.App.4th 68, 73-74 [§ 17(b)(2), which deemed a wobbler a "misdemeanor for all purposes" when the offender is committed to, and successfully discharged from, the Youth Authority, was one of the laws displaced by § 667, subd. (d)(1)]; *People v. Superior Court (Perez)*, *supra,* 38 Cal.App.4th at pp. 362-363 [a prior offense remains a felony for purposes of the Three Strikes law when the court's exercise of discretion under § 17(b)(3) to reduce a wobbler to a misdemeanor occurs after initial sentencing].)

From the decisions addressing the effect and scope of section 17(b), we discern a long-held, uniform understanding that when a wobbler is reduced to a misdemeanor in accordance with the statutory procedures, the offense thereafter is deemed a "misdemeanor for all purposes," except when the Legislature has specifically directed otherwise. The question presented in this case is whether a defendant adjudged guilty of a wobbler charged as a felony that is later reduced to a misdemeanor pursuant to section 17(b)(3) is nonetheless subject to a five-year enhancement under section 667(a) in a subsequent criminal proceeding. We next turn to that issue.

### B. Applicability of section 667(a) to a defendant whose prior offense was reduced to a misdemeanor pursuant to section 17(b)(3)

As we shall explain, neither the language nor history of section 667(a) or of the constitutional amendment that was enacted concurrently with that statutory

13

provision discloses an intent on the part of lawmakers to limit the effect of a court's exercise of discretion pursuant to section 17(b). We therefore conclude that defendant's earlier offense did not qualify as a prior serious felony for purposes of enhancement under section 667(a).

Section 667(a) was added to the Penal Code in 1982 by the passage of the voter initiative Proposition 8, commonly known as the Victims' Bill of Rights, that made sweeping changes to California's criminal laws. (*Brosnahan v. Brown* (1982) 32 Cal.3d 236, 240, 242, 244; *People v. West* (1984) 154 Cal.App.3d 100, 106.) The substance of the statute has changed little since its original enactment, and provides in relevant part that "any person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately." (§ 667(a)(1), as amended by Stats. 1994, ch. 12, § 1, p. 72.)[9] As originally enacted, like today, "[t]here is no requirement of prior incarceration or commitment for this [provision] to apply"; that is, the five-year enhancement applies when the defendant had been granted felony probation in lieu of imprisonment. (§ 667(a)(2).) The statute, then and now, defines the term "serious felony" by reference to the list of crimes appearing in section 1192.7, subdivision (c), which also was added to the Penal Code by the passage of Proposition 8. (§ 667(a)(4).) Section 667(a) does not, however, specifically define the terms "convicted" or "conviction" as used in the provision.

---

[9] Before the 1994 amendment, this language was found in section 667, former subdivision (a).

14

In determining whether a defendant who previously was found guilty of, or pleaded guilty to, a wobbler is subject to enhancement under section 667(a) in a later prosecution notwithstanding the court's designation of the earlier offense as a misdemeanor pursuant to section 17(b), we are guided by the well-established principle that our task is to discern the lawmakers' intent. (*People v. Jones* (1993) 5 Cal.4th 1142, 1146.) Because section 667(a) was enacted by the electorate, it is the voters' intent that controls. (*People v. Jones, supra*, at p. 1149.) Nonetheless, our interpretation of a ballot initiative is governed by the same rules that apply in construing a statute enacted by the Legislature. (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571; *People v. Jones, supra*, at p. 1146.) We therefore first look to "the language of the statute, affording the words their ordinary and usual meaning and viewing them in their statutory context." (*Alcala v. Superior Court* (2008) 43 Cal.4th 1205, 1216; accord, *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901.) Once the electorate's intent has been ascertained, the provisions must be construed to conform to that intent. (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 979.) "[W]e may not properly interpret the measure in a way that the electorate did not contemplate: the voters should get what they enacted, not more and not less." (*Hodges v. Superior Court* (1999) 21 Cal.4th 109, 114.)

As noted above, section 667(a) provides for the mandatory imposition of a five-year enhancement to the sentence of any person convicted of a serious felony "who previously has been convicted of a serious felony." The Attorney General argues that, by its plain and unambiguous language, the statute applies in the present proceeding because defendant had pleaded guilty to assault with a deadly weapon in 2003, his conviction constituted a felony conviction at that time and remained a felony conviction until it was reduced to a misdemeanor in 2006, and therefore defendant "previously ha[d] been convicted of a serious felony" from

15

2003 through 2006. For the reasons discussed hereafter, we disagree with the Attorney General's contention regarding the proper interrelationship between the provisions of section 667(a) and section17(b).

As discussed above, long before the enactment of section 667(a), California decisions had repeatedly and uniformly recognized that, in the absence of a clear statutory directive to the contrary, when a trial court properly exercises its discretion to reduce a wobbler to a misdemeanor under section 17(b), the trial court's action precludes the use of that offense as a prior felony conviction in a subsequent prosecution. (See *Banks, supra*, 53 Cal.2d at p. 388; *In re Rogers, supra,* 20 Cal.App.2d at pp. 400-401; *People v. Rowland, supra,* 19 Cal.App.2d at pp. 541-542; *People v. Pryor, supra,* 17 Cal.App.2d at pp. 152-153.) The Attorney General's contention directly conflicts with this line of decisions because, under the Attorney General's interpretation, section 667(a) would override section 17(b)'s command that a trial court's exercise of discretion in reducing a wobbler to a misdemeanor renders the offense a "misdemeanor for all purposes." (§ 17(b).) Nothing in the language of section 667(a), or in the materials presented to the voters in connection with the passage of Proposition 8, however, discloses any basis on which to infer that the voters intended by the passage of that initiative to depart from long-settled law regarding the proper application and effect of section 17(b). Notably, although section 667(a)(2) provides that "[t]here is no requirement of prior incarceration or commitment," the statute does *not* state that the five-year enhancement applies when a defendant has been granted felony probation and the trial court thereafter reduced the offense to a misdemeanor.

Similarly, neither the ballot arguments supporting the initiative nor an analysis of the measure by the Legislative Analyst contained any mention of the effect of the statute on a court's exercise of discretion to reduce a wobbler to a

16

misdemeanor. By way of background, the Legislative Analyst informed voters in relevant part that "[u]nder the criminal justice system, persons convicted of *misdemeanors* may be fined or sentenced to a county jail term, or both. Those convicted of *felonies* may be fined in some cases, sentenced to state prison, . . . or both fined and imprisoned. For some crimes, a person may receive 'probation' in lieu of a prison sentence or a fine." (Ballot Pamp., Primary Elec. (June 8, 1982), Analysis by the Legislative Analyst, p. 32, original italics; hereafter Ballot Pamphlet.) Notably absent from this overview of the classification of criminal offenses is any reference to the special subset of crimes punishable, at the court's discretion, as either a felony or a misdemeanor.

Nor was there any mention of wobblers in the Legislative Analyst's analysis under the subject heading "Longer Prison Terms," which concerned the statutory and constitutional provisions relating to sentence enhancement for prior felony convictions. (Ballot Pamphlet, *supra*, at p. 54.) The Legislative Analyst explained in relevant part that, under existing law, sentence enhancement for repeat offenders is permissible only "if the convicted person has served prior *prison terms*" and that "[c]onvictions resulting in probation . . . generally are not considered for the purpose of increasing sentences . . . ." (*Ibid.*, original italics.) As proposed by the initiative measure, the analysis continued, a defendant could receive a sentence enhancement of five years for each prior felony conviction "regardless of the sentence imposed for the prior conviction." (*Ibid.*) There was, however, no suggestion that the new provisions proposed by the measure would displace existing law with regard to which prior convictions would constitute prior felony convictions for purposes of a recidivist sentencing statute. Indeed, the voters were given no explanation at all regarding the court's discretion to reduce a wobbler to a misdemeanor under section 17(b).

17

Thus, neither the language of section 667(a) nor the ballot materials presented to the voters indicate an express intention on the part of the electorate to override the operation of section 17(b)  Accordingly, we conclude that a defendant whose wobbler properly was reduced to a misdemeanor pursuant to section 17(b)(3) is not a person "who previously has been convicted of a serious felony" within the meaning of section 667(a).  (Cf. *People v. West, supra*, 154 Cal.App.3d at p. 109 [presuming from the ballot pamphlet's silence on the issue that the electorate did not intend to alter existing law by treating a juvenile wardship adjudication as a "conviction" for purposes of sentence enhancement under section 667(a)].)  As noted *ante*, "we may not properly interpret the measure in a way that the electorate did not contemplate:  the voters should get what they enacted, not more and not less." (*Hodges v. Superior Court, supra,* 21 Cal.4th at p. 114.)

This conclusion is also supported by the well-settled principle of statutory interpretation that "all presumptions are against a repeal by implication."  (*People v. Acosta* (2002) 29 Cal.4th 105, 122.)  It is true that notwithstanding this presumption, the provisions of a voter initiative may be said to impliedly repeal an existing statute when " 'the two acts are so inconsistent that there is no possibility of concurrent operation,' " or " 'the later provision gives undebatable evidence of an intent to supersede the earlier' provision.  [Citations.]" (*Professional Engineers in California Government v. Kempton* (2007) 40 Cal.4th 1016, 1038.)  The presumption against a repeal by implication is not overcome here, however, because there is no difficulty in reconciling the application of section 667(a) with the operation of section 17(b).

Section 667(a) mandates a five-year sentence enhancement for each prior serious felony conviction, but it "does not define 'prior conviction.' " (*People v. West, supra*, 154 Cal.App.3d at p. 110.)  That definition is provided in section 17, the statutory provision that classifies offenses.  When the prior crime is a wobbler

18

that is not charged as a misdemeanor, its status as a felony or misdemeanor is governed by section 17(b). If the court exercises its discretion pursuant to section 17(b), the prior crime is a misdemeanor and cannot be used for purposes of sentence enhancement under section 667(a). If, on the other hand, the court does not exercise its discretion to reduce the prior crime to a misdemeanor, the offense is a felony that can subject the defendant to a section 667(a) sentence enhancement in a subsequent prosecution.

In sum, given that it was well established at the time section 667(a) was enacted that when a trial court reduced a wobbler to a misdemeanor under section 17(b) the offense was not thereafter to be considered a felony conviction for purposes of a recidivist statute, and given the absence of any indication in section 667(a) of an intention to depart from this general rule, we conclude that when a wobbler has been reduced to a misdemeanor the prior conviction does not constitute a prior felony conviction within the meaning of section 667(a).

The Attorney General advances a variety of arguments in opposition to the foregoing conclusion, but, as we shall explain, none of the arguments is persuasive.

First, the Attorney General cites a number of decisions to support the assertion that defendant was convicted of a prior serious felony for purposes of section 667(a) at the time that his guilt was initially ascertained in the prior proceeding and that the trial court's subsequent reduction of the offense to a misdemeanor did not "retroactively" void or eliminate that classification. But the cases relied upon by the Attorney General shed no light on the electorate's intent with regard to the circumstances presented here. As prior decisions have explained, the terms "convicted" and "conviction" are ambiguous and susceptible of different meanings depending on context. (See *People v. Shirley* (1993) 18 Cal.App.4th 40, 46 [the term "conviction" may mean a verdict or guilty plea, or include the pronouncement of judgment]; *People v. Rhoads* (1990)

19

221 Cal.App.3d 56, 60; see, e.g., *Alvarez, supra*, 14 Cal.4th at p. 975 [when a defendant is adjudged guilty of a wobbler in a current prosecution, the determination whether that offense is a felony conviction within the meaning of the Three Strikes law occurs at the time of sentencing by the court].)  None of the cases relied upon by the Attorney General involves the situation in which the trial court has affirmatively exercised its discretion under section 17(b) to reduce a wobbler to a misdemeanor before the defendant committed and was adjudged guilty of a subsequent serious felony offense.

Some of the decisions cited by the Attorney General concern the application, or reaffirmation, of the rule previously discussed, that until the court actually exercises its discretion to reduce a wobbler to a misdemeanor under section 17(b), the offense is deemed a felony for all purposes.  (See *Feyrer, supra*, 48 Cal.4th at pp. 438-439; *Banks, supra*, 53 Cal.2d at pp. 390-391.)  For example, the Attorney General cites *People v. Balderas* (1985) 41 Cal.3d 144, in which this court concluded that when the defendant pleaded guilty to a wobbler and was placed on probation without imposition of sentence but the court never designated the crime as a misdemeanor, the offense constituted a felony and therefore was properly admitted as a prior felony conviction at the penalty phase of a capital trial.  (*Id.* at p. 203.)  We disagree with the Attorney General that the cited decisions are authority for the proposition that, in every case, the character of a wobbler is determined at the time of plea or verdict.  As *Banks, supra*, 53 Cal.2d 370, explained, when a defendant's guilt of a wobbler has been established by plea or verdict, but there is no pronouncement of judgment by the court, the defendant's status is that of a convicted felon, although that status is only provisional because "it could, in due course, have been changed to that of a misdemeanant by pronouncement of a sentence to the county jail or for a fine." (*Id.* at p. 387.)  This court repeated the point more recently in *Alvarez, supra*, 14 Cal.4th at page 975,

20

by observing that section 17(b) is " 'sui generis [and] specifically leaves the determination of the nature of the conviction to the discretion of the judge to be determined *at sentencing*.' " (Original italics.)

Other decisions referenced by the Attorney General involve prior crimes that were not wobblers, or the interpretation of statutes, such as the Three Strikes sentencing scheme, that contain language expressly defining the term "prior felony conviction" in a manner clearly meant to treat the prior conviction as a felony conviction notwithstanding the earlier court's exercise of discretion under section 17(b). (See *People v. Queen* (2006) 141 Cal.App.4th 838, 842; *People v. Williams* (1996) 49 Cal.App.4th 1632, 1637-1638.) None support the Attorney General's argument that section 667(a) applies even when the prior crime is a wobbler that has been reduced to a misdemeanor in accordance with the procedures of section 17(b)(3).

Indeed, under the Attorney General's theory — that a prior conviction of a wobbler constitutes a prior felony conviction for purposes of section 667(a) if the conviction has been properly classified as a felony conviction at some point in time — *any* prior wobbler that was not charged as a misdemeanor could be used for sentence enhancement purposes under section 667(a). This is because there would always be some period of time between a defendant's guilty plea or guilty verdict on the wobbler and the trial court's imposition of sentence. But even the Attorney General does not contend that a defendant's plea of guilty to a wobbler would constitute a prior felony conviction for purposes of section 667(a) when the trial court has designated the offense a misdemeanor at the time of initial sentencing.

In further support of her proposed interpretation of section 667(a), the Attorney General relies upon the provisions of article I, section 28, subdivision (f)(4), of the California Constitution, a separate measure that was also included in

21

the 1982 initiative along with section 667(a).  (*People v. West, supra*, 154 Cal.App.3d at pp. 106-107.)  As relevant here, that constitutional provision states that "[a]ny prior felony conviction of any person in any criminal proceeding . . . shall subsequently be used without limitation for purposes of . . . enhancement of sentence in any criminal proceeding."  (Cal. Const., art. I, § 28, subd. (f)(4).)  Like section 667(a), however, neither the language nor legislative history of article I, section 28, subdivision (f), indicates that this constitutional provision was intended to address or alter the operation of section 17(b) in defining whether a prior conviction constitutes a "prior felony conviction" within the meaning of a recidivist sentencing statute.

Thus, contrary to the Attorney General's contention, the conclusion we have reached regarding the proper application of section 667(a) in this setting does not conflict with article I, section 28, subdivision (f)(4), and does not hinder the voters' purpose of "achiev[ing] 'increased punishment and effective deterrence . . . by increasing the total period of imprisonment for recidivist offenders.' "  (*People v. Jones, supra*, 5 Cal.4th at p. 1147, quoting *People v. Prather* (1990) 50 Cal.3d 428, 437.)  As to the special subset of wobbler statutes that proscribe conduct that can vary widely in its level of seriousness, the Legislature has empowered the courts to decide, in each individual case, whether the crime should be classified as a felony or a misdemeanor.  In making that determination, the court considers the facts surrounding the offense and the characteristics of the offender.  (*Alvarez, supra*, 14 Cal.4th at p. 978.)  When the court properly exercises its discretion to reduce a wobbler to a misdemeanor, it has found that felony punishment, and its consequences, are not appropriate for that particular defendant.  (*In re Anderson, supra*, 69 Cal.2d at pp. 664-665; *In re Rogers, supra,* 20 Cal.App.2d at pp. 400-401 [in reducing a wobbler to a misdemeanor, the court has determined that the offense is not serious enough to be used as a prior felony conviction for the

22

purpose of sentence enhancement for a subsequent crime].)  Such a defendant is not blameless.  But by virtue of the court's proper exercise of discretion, neither is such defendant a member of the class of criminals convicted of a prior serious felony whom the voters intended to subject to increased punishment for a subsequent offense.

The Attorney General additionally argues that precluding imposition of a five-year sentence enhancement under section 667(a) for a prior wobbler that was reduced to a misdemeanor pursuant to section 17(b) is inconsistent with this court's opinions in *Feyrer, supra*, 48 Cal.4th 426, and *Banks, supra*, 53 Cal.2d 370.  These decisions are distinguishable from the present matter, however, because in neither case did the court exercise its discretion pursuant to section 17(b) to reduce a wobbler to a misdemeanor.  As those decisions explain, absent such reduction, the offense constitutes a felony for all purposes.  There is no dispute that, under the rule in those cases, defendant would be subject to the section 667(a) enhancement had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor.  To the extent that the Attorney General relies upon *Feyrer* and *Banks* to support the argument that the court's exercise of discretion to reduce defendant's crime to a misdemeanor "did not change, erase, or vacate the serious felony conviction that occurred in 2003," she has misread those opinions.

The Attorney General also asserts that the rehabilitative purpose of section 17(b) would be disserved by permitting a defendant whose wobbler was reduced to a misdemeanor to escape an enhanced penalty under section 667(a) in a subsequent prosecution.  But the same may be said when the operation of section 17(b) precludes application of *any* statute that imposes penal consequences for having suffered a prior felony conviction, and the Attorney General points to no decision that has created an exception to section 17(b) when there was no

23

indication of the lawmakers' intent to override that statute's plain language. (See *People v. Camarillo, supra*, 84 Cal.App.4th at p. 1394 [declining the Atty. Gen.'s invitation to read into § 17(b) an exception based upon "public policy considerations" that would allow the defendant's current offense of driving under the influence to be elevated to a felony pursuant to Veh. Code, former § 23175.5].)

The Attorney General's further assertion that a defendant whose prior offense has been reduced to a misdemeanor under section 17(b) is not entitled to leniency after choosing to commit a subsequent serious felony is an argument that is appropriately directed to the Legislature rather than to this court. We observe, however, that our conclusion regarding the proper interpretation of sections 17(b) and 667(a) does not mean that a repeat offender such as defendant will altogether avoid an increased sentence for his current felony. Here, defendant's prison sentence was properly doubled as a result of application of the Three Strikes law. As previously mentioned, the Three Strikes law creates an exception to the operation of section 17(b) by providing that the determination of whether a prior felony conviction qualifies as a strike is based upon the date of the prior conviction and is not affected by the sentence imposed unless that sentence "automatically . . . converts the felony to a misdemeanor" at the time of initial sentencing. (§§ 667, subd. (d)(1); 1170.12, subd. (b)(1).) In the prior proceeding, defendant pleaded guilty to felony assault with a deadly weapon. Because the trial court in that proceeding suspended imposition of sentence and granted probation, and only thereafter reduced the crime to a misdemeanor, defendant's prior offense qualified as a strike under the Three Strikes law. Accordingly, defendant's sentence for the current conviction of assault with a firearm was properly doubled as a second strike from six years to 12. (§ 667, subds. (d) & (e)(1).)

24

## C. Effect of the dismissal of charges pursuant to section 1203.4

As previously recounted, in addition to reducing defendant's offense to a misdemeanor under section 17(b)(3), the trial court subsequently vacated defendant's guilty plea and dismissed the charge pursuant to section 1203.4, subdivision (a)(1), a rehabilitative provision that rewards a person who has successfully completed probation. (*Selby v. DMV* (1980) 110 Cal.App.3d 470, 473 [§ 1203.4 mitigates some of the consequences of conviction and, with certain exceptions, restores the person to his or her former status in society].) By operation of section 1203.4, defendant was, with certain enumerated exceptions, released "from all penalties and disabilities" resulting from the conviction.[10] One of the specified exceptions set forth in section 1203.4 is that "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." (§ 1203.4, subd. (a)(1).)

---

[10] Section 1203.4 states in pertinent part that "[i]n any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted . . . . However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. . . ." (§ 1203.4, subd. (a)(1).)

In concluding that defendant's prior offense could be used to add five years to his sentence in the present proceeding pursuant to section 667(a), the Court of Appeal recognized that defendant's crime had been reduced to a misdemeanor under section 17(b)(3). The Court of Appeal reasoned, however, that it must consider section 17(b) together with section 1203.4, and determined that "under the plain language" of the latter provision, defendant's earlier offense qualified as a serious felony pursuant to section 667(a) in a subsequent prosecution because it had "the same effect as if probation had not been granted or the accusation or information [not been] dismissed." (§ 1203.4, subd. (a)(1).)

Although the Court of Appeal's reasoning is not entirely clear, it appears to have concluded that by virtue of the language of section 1203.4, defendant's prior offense, a wobbler that was not charged as a misdemeanor, could be used to enhance his sentence in a subsequent criminal proceeding because, had probation not been granted and the information not been dismissed, defendant's crime would be deemed a felony. But there is nothing in section 1203.4 suggesting that provision was intended to override the provisions of section 17(b). Under the Court of Appeal's reading of section 1203.4, *every* wobbler conviction dismissed under section 1203.4 that was not originally charged as a misdemeanor would qualify as a prior felony conviction in a subsequent prosecution. This understanding of the operation of section 1203.4 cannot be reconciled with the numerous decisions, discussed fully above (*ante*, at p. 12), recognizing that the reduction of a wobbler to a misdemeanor under section 17(b) generally precludes its use as a prior felony conviction in a subsequent prosecution.

The Court of Appeal expressed the view that its application of section 1203.4 to the present case was consistent with this court's decision in *Feyrer, supra*, 48 Cal.4th 426. As we explain, however, the Court of Appeal's reliance on certain language in *Feyrer* is misplaced, and neither the cited passage nor our holding in

that case supports a conclusion that defendant's earlier crime qualified as a prior serious felony conviction for purposes of enhancement under section 667(a).

In *Feyrer*, *supra*, 48 Cal.4th 426, the parties entered into a plea agreement specifying that the defendant would be granted formal probation in exchange for his no contest plea of guilty to felony assault and admission of a great bodily injury enhancement. (*Id*. at p. 431.) The issue presented in the case was whether the terms of the plea agreement prevented the trial court from later reducing the wobbler to a misdemeanor pursuant to section 17(b)(3). We held that it did not. (*Feyrer, supra*, at pp. 435-441.) In the course of our discussion regarding the underlying purpose and effect of a court's suspending imposition of sentence and granting probation in a wobbler case, we quoted extensively from *Banks, supra*, 53 Cal.2d 370, including the following passage, which was relied upon by the Court of Appeal here: "When a trial court grants probation without imposing a sentence, sections 17 and 1203.4, read together, express the legislative purpose 'that an alternatively punishable offense remains a felony . . . until the statutory rehabilitation procedure has been had, at which time the defendant is restored' to his or her former legal status in society, subject to use of the felony for limited purposes in any subsequent criminal proceeding." (*Feyrer, supra*, at pp. 439-440, quoting *Banks, supra,* at p. 391.)

Contrary to the Court of Appeal's understanding, the above quoted text has no application to the present case. As discussed *ante*, in part II.B., at the time *Banks* was decided, the court's exercise of discretion to reduce a wobbler to a misdemeanor under section 17 was given the intended effect only if the court actually imposed a sentence other than commitment to state prison; unless and until the court did so, a wobbler was deemed a felony for all purposes. In *Banks*, the defendant's prior offense was treated as a felony because the court had suspended imposition of sentence and granted probation but had never actually

27

imposed a sentence other than commitment to state prison. (*Banks*, *supra*, 53 Cal.2d at p. 387.) After the defendant successfully completed his probation, he did not seek dismissal of the charge pursuant to section 1203.4. (*Banks, supra*, at p. 387.) As *Banks* explained, had the defendant been granted dismissal under section 1203.4, he would have been relieved of "all penalties and disabilities" resulting from his *felony* conviction except the use of that conviction for limited purposes in a subsequent criminal proceeding. (*Banks, supra,* at p. 390.) By contrast, here the court properly exercised its discretion to reclassify defendant's crime to a misdemeanor pursuant to section 17(b)(3) after defendant had successfully completed probation. When defendant's conviction was later set aside under section 1203.4, the crime of which he had been convicted had been reclassified as a *misdemeanor*. Section 1203.4 did not erase defendant's conviction; rather, it freed him from some of the misdemeanor conviction's " 'penalties and disabilities.' " (*People v. Vasquez* (2001) 25 Cal.4th 1225, 1230; see *Meyer v. Board of Medical Examiners* (1949) 34 Cal.2d 62, 67; *Adams v. County of Sacramento* (1991) 235 Cal.App.3d 872, 877-878.) Whether or not defendant's *misdemeanor* conviction had been dismissed under section 1203.4, however, that conviction did not constitute a prior serious *felony* conviction for purposes of enhancement under section 667(a). Accordingly, the Court of Appeal erred in relying upon the cited language in *Feyrer, supra,* 48 Cal.4th 426.

### III. DISPOSITION

The judgment of the Court of Appeal is reversed insofar as it upheld imposition of a five-year sentence enhancement pursuant to section 667(a), and the matter is remanded to the Court of Appeal with directions to remand the case to the trial court for resentencing in accordance with this opinion.  In all other respects, the judgment is affirmed.

CANTIL-SAKAUYE, C. J.


WE CONCUR:


KENNARD, J.
BAXTER, J.
WERDEGAR, J.
CHIN, J.
CORRIGAN, J.
LIU, J.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Park
_____

**Unpublished Opinion** XXX NP opn. filed 5/4/11, 4th Dist., Div. 1
**Original Appeal**
**Original Proceeding**
**Review Granted**
**Rehearing Granted**

_____

**Opinion No.** S193938
**Date Filed:** May 13, 2013
_____

**Court:** Superior
**County:** San Diego
**Judge:** Francis M. Devaney

_____

**Counsel:**

Doris M. LeRoy, under appointment by the Supreme Court, for Defendant and Appellant.

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Gary W. Schons and Dane R. Gillette, Chief Assistant Attorneys General, Julie L. Garland, Assistant Attorney General, Lilia E. Garcia, Steven T. Oetting and Meagan J. Beale, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Doris M. LeRoy
P.O. Box 240
Westcliffe, CO  81252
(719) 783-2665

Meagan J. Beale
Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA  92101
(619) 645-2225