Filed 5/28/14  P. v. Diaz CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>AUGUSTIN DIAZ,<br><br>    Defendant and Appellant. | B251397<br><br>(Los Angeles County<br>Super. Ct. No. SA023829) |

APPEAL from an order of the Superior Court of Los Angeles County. William C. Ryan, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director, James A, Uyeda, Staff Attorney, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Jessica C. Owen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Augustin Diaz appeals from the denial with prejudice of his petition for recall of sentence pursuant to the Three Strikes Reform Act of 2012. Defendant suffered convictions in 1996 for three counts of residential burglary (Pen. Code, § 459)[1] and one count of receiving stolen property (§ 496, subd. (a)). The trial court found that defendant had suffered two prior strike convictions for first degree burglary within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and two prior serious felony convictions within the meaning of section 667, subdivision (a).

On appeal, this court reversed one of the residential burglary counts and vacated the sentence on that count. We affirmed the trial court's imposition of two consecutive terms of 25 years to life for the other two burglary convictions and the two consecutive five-year terms for the two prior serious felony enhancements. We modified defendant's two-year consecutive term for receiving stolen property to a third consecutive term of 25 years to life, resulting in a total sentence of 85 years to life.

Defendant appeals on the ground that he is entitled to a Proposition 36 recall and resentencing of the 25-years-to-life sentence imposed on his conviction for receiving stolen property because that crime is not a serious or violent felony.

## DISCUSSION

### I. Relevant Authority

"On November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended sections 667 and 1170.12 and added section 1170.126 (hereafter the Act). The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated

---

[1]     All further references to statutes are to the Penal Code unless stated otherwise.

disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender. (§§ 667, 1170.12.) The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)" (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

Section 1170.126, subdivision (b) provides: "Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section."

## II. Arguments

Defendant argues that he is eligible for recall and resentencing of the third strike sentence he received for his nonserious felony conviction, even though he suffered two convictions and third strike sentences for two serious felonies at the same proceeding. He argues that nothing in the recall statute precludes him from having the sentence for the nonserious felony recalled, and any other result would be incongruous. The statute specifically provides that "[a]ny person serving an indeterminate term of life imprisonment imposed . . . upon conviction . . . of a felony or felonies that are not defined as serious . . . may file a petition for recall . . . ." (§ 1170.126, subd. (b).) Under the usual and ordinary meaning of the words of the statute, it is clear that the intent of the statute was to allow defendants who are presently serving third strike indeterminate

3

sentences for both serious and nonserious offenses to petition for resentencing on the nonserious felonies.

Respondent first notes that the issue of whether a defendant has the right to appeal a trial court's determination that he is statutorily ineligible for resentencing under section 1170.126 is currently being considered by the California Supreme Court. Respondent asserts that because defendant is currently serving an indeterminate life sentence for serious felonies, his petition for recall of sentencing should not have been filed in the first instance. The trial court's denial of his petition does not affect his substantial rights and does not constitute an appealable order. According to respondent, this appeal should be dismissed and defendant should seek relief, if at all, by way of extraordinary writ. Respondent also contends that defendant does not qualify for resentencing because allowing him to reap the benefits of the Act would be contrary to the Legislature's intent.

## III. Analysis

### A. Appealability

Courts of Appeal are split on the issue of whether a person who is found to be ineligible for resentencing under section 1170.26 may appeal from an order denying a petition to recall a sentence. The Supreme Court has granted review to consider whether such an order may be appealed. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308 (*Teal*), review granted Jul. 31, 2013, S211708 [an order denying a § 1170.126 petition is not appealable, but appellate court may treat the appeal as a petition for writ of mandate or habeas corpus]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted Jul. 31, 2013, S212017 [an order denying a § 1170.126 petition is appealable under § 1237, subd. (b) as an order after judgment affecting a party's substantial rights]; *People v. Leggett* (2013) 219 Cal.App.4th 846, review granted Dec. 18, 2013, S214264 ["an order denying relief under § 1170.126 is not appealable if it denies a petition that was erroneously filed by an individual whose indeterminate three strikes sentence is based on a conviction for any serious or violent felony. In all other instances, an order denying a petition for recall of sentence is appealable, whether based on a determination of ineligibility or an exercise of the trial court's discretion to deny

4

resentencing"]; *People v. Wortham* (2013) 220 Cal.App.4th 1018, review granted Jan. 15, 2104, S214844 [an order denying a § 1170.126 petition is appealable]; *In re Martinez* (2014) 223 Cal.App.4th 610, review granted May 14, 2014, S216922 [exercising discretion to treat appeal as a petition for writ of habeas corpus rather than contribute to the debate].) The Supreme Court has designated *Teal* as the lead case and deferred briefing in *Hurtado*, *Leggett*, *Wortham* and *Martinez*, pending further order of the court.

In *Braziel v. Superior Court* (2014) 225 Cal.App.4th 933 (*Braziel*), the same court that decided *Teal* deemed the notice of appeal a petition for writ of mandate and issued an order to show cause. In a very recent case, *People v. Haynes* (2014) 225 Cal.App.4th 997 (*Haynes*), the court determined that a trial court's denial of a request for resentencing, even at the initial determination of eligibility, is an order made after judgment affecting the substantial rights of the party and is appealable under section 1237, subdivision (b). (*Haynes*, at p. 1005.)

Thus, were we to conclude the order was not appealable, we could nevertheless consider defendant's appeal to be a petition for writ of habeas corpus or petition for writ of mandate and address its merits in the interest of judicial economy and due to uncertainty in the law. (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from an order asserted to be nonappealable by the Attorney General as a petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 853 [treating untimely appeal as petition for writ of mandate due to uncertainty in the law respecting appealability of the orders in question].) In the instant case, we agree with the *Haynes* court and conclude that the trial court's order is appealable in that it affects the defendant's substantial rights, and we address the merits of the appeal.

### B. Defendant Is Not Eligible to Petition

"[O]ur interpretation of a ballot initiative is governed by the same rules that apply in construing a statute enacted by the Legislature. [Citations.] We therefore first look to 'the language of the statute, affording the words their ordinary and usual meaning and viewing them in their statutory context.' [Citations.] Once the electorate's intent has been ascertained, the provisions must be construed to conform to that intent. [Citation.]

5

'[W]e may not properly interpret the measure in a way that the electorate did not contemplate: the voters should get what they enacted, not more and not less.' [Citation.]" (*People v. Park* (2013) 56 Cal.4th 782, 796.) "If the statutory language is not ambiguous, then the plain meaning of the language governs. [Citation.]" (*People v. Lopez* (2005) 34 Cal.4th 1002, 1006.) """If, however, the statutory language lacks clarity, we may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history. [Citation.] In such situations, we strive to select the construction that comports most closely with the Legislature's apparent intent, with a view to promoting rather than defeating the statute['s] general purposes. [Citation.] We will avoid any interpretation that would lead to absurd consequences. [Citation.]" [Citation.]' [Citation.]" (*People v. Elliot* (2005) 37 Cal.4th 453, 478.)

Section 1170.126, subdivision (e) provides for three criteria to determine if an inmate is eligible for resentencing. First, the inmate must be serving an indeterminate term of life imprisonment imposed pursuant to section 667, subdivision (e)(2) or section 1170.12, subdivision (c) for a conviction of a felony or felonies that are not defined as serious and/or violent felonies.[2] Second, the inmate's current sentence must not have been imposed for any offense listed in section 667, subdivision (e)(2)(C)(i)-(iii).[3] Third, the inmate must not have a prior conviction for any of the offenses in section 667, subdivision (e)(2)(c)(iv) or section 1170.12, subdivision (c)(2)(C)(iv), which list eight

---

[2]    The statute refers to the definitions of violent and serious felonies contained in section 667.5, subdivision (c) and section 1192.7, subdivision (c), respectively.

[3]    These subsections include additional penalties for any controlled substance charge involving specified quantities of heroin or cocaine or specified volumes or weights of other controlled substances; certain felony sex offenses and certain felony offenses that resulted in mandatory registration as a sex offender; and any felony in which the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury.

6

serious or violent felonies.[4]  In the instant case, the viability of defendant's petition hinges on the first criterion.

A recent case, *Baziel*, cited *ante*, disagreed with defendant's argument that he is entitled to recall and resentencing on his one nonserious felony conviction even though he is serving two indeterminate terms for serious felonies.  In that case, the court held that the language of section 1170.126 suggests that a defendant is not eligible for recall of a sentence if any of the offenses for which he is serving a three strikes sentence is a serious or violent felony.  (*Braziel*, *supra*, 225 Cal.App.4th at pp. 946-947.)  The *Braziel* court stated that the fact the statute requires the petitioner to list all current felonies resulting in an indeterminate life sentence supports the conclusion that the court must consider all current felonies in determining eligibility.  (*Ibid*.)  The court also relied on the evidence of voter intent in the ballot pamphlet arguments, which state that Proposition 36 limits eligibility for resentencing to third strikers whose current offense is nonserious, nonviolent and who have not committed specified current and prior offenses.  (*Ibid*.)  According to *Braziel*, this language means that the court must consider all felonies in determining eligibility for resentencing.

*Braziel* is on point.  Section 1170.126 by its terms applies to any person serving an indeterminate term of life imprisonment of a felony or felonies that are not defined as serious or violent.  (§ 1170.126, subd. (b).)  Defendant does not fall into this category.  The statute also provides that its provisions are intended to apply "exclusively" to persons presently serving an indeterminate term of imprisonment whose sentence under the Act would not have been an indeterminate life sentence.[5]  (§ 1170.126, subd. (a).)

---

[4]      The eight felonies precluding eligibility are a sexually violent offense (Welf. & Inst. Code, § 6600, subd. (b)); sexual offenses against minors; a violation of section 288; homicide or attempted homicide; solicitation to commit murder; assault with a machine gun on a peace officer or firefighter; possession of a weapon of mass destruction; and any serious or violent felony punishable in California by life imprisonment or death.

[5]      Section 1170.126, subdivision (a) provides in pertinent part:  "The resentencing provisions under this section and related statutes are intended to apply exclusively to

7

Again, defendant does not fit this description. As *Braziel* pointed out, section 1170.126, subdivision (d) provides that a petition for a recall of sentence "shall specify all of the currently charged felonies, which resulted in the [indeterminate life] sentence . . . and shall also specify all of the prior convictions alleged and proved . . . ." Defendant was therefore required to list all of his offenses that resulted in his life sentence so that the court could consider all of these felonies in assessing defendant's petition. (See *Braziel*, *supra*, 225 Cal.App.4th at p. 947.) We believe this consideration should take place at the initial, eligibility stage rather than at the ultimate stage, which requires the trial court to exercise its discretion to deny resentencing to an inmate who otherwise qualifies under the statute. Just like the defendant in *Braziel*, defendant's current convictions for two burglaries, which triggered his indeterminate life sentences, rendered him ineligible for resentencing under section 1170.126, subdivision (e)(1), since he is serving two indeterminate terms of life for conviction of felonies defined as serious by section 667.5, subdivision (c) and section 1192.7, subdivision (c).[6] Thus, the court properly denied his petition for resentencing.

---

persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).)

[6] Section 1170.126, subdivision (e) provides in pertinent part: "An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7."

## DISPOSITION

The order appealed from is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


                                              BOREN, P.J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.