Filed 7/17/14  P. v. Park CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>AARON SUNG-UK PARK,<br><br>    Defendant and Appellant. | D064924<br><br><br>(Super. Ct. No. SCD210936) |

APPEAL from a judgment of the Superior Court of San Diego County, Francis M. Devaney, Judge.  Affirmed, and remanded with directions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Ryan H. Peeck, Deputy Attorneys General, for Plaintiff and Respondent.

In 2009, Aaron Sung-Uk Park was convicted of attempted voluntary manslaughter (Pen. Code,[1] §§ 192 & 664), and assault with a semiautomatic firearm (§ 245, subd. (b)). The court also found true a firearm enhancement under section 12022.5, subdivision (a) as to each count. Park was originally sentenced to a determinate term of 24 years in prison.

The convictions were affirmed on appeal, however, the case was remanded for resentencing. (*People v. Park* (2013) 56 Cal.4th 782, 806.)

When Park was originally sentenced he was given 735 actual days and 110 days of conduct credits for total presentence custody credits of 845 days.

On remand the trial court reduced the total sentence to 19 years. The trial court declined to calculate the total custody credits up to the time of resentencing. Instead the court imposed the new sentence "*nunc pro tunc*" to January 7, 2010, the date of the original sentence. The court determined the "state" could calculate the credits.

Park appeals contending the trial court erred in declining to declare the amount of custody credits to be awarded as of the resentencing date. The People have filed a brief conceding the trial court erred. Both parties agree the case should be remanded for another resentencing. We agree the case must be remanded.

DISCUSSION

The Supreme Court has determined that it is the duty of a trial court to calculate custody credits upon sentencing remand. The court stated: "[W]hen a prison term

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

already in progress is modified as a result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence all actual time the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29; italics omitted.) The trial court is only required to calculate and award good behavior credits earned while confined in the county jail prior to the first commitment. (*Id*. at pp. 37-38.)

DISPOSITION

The case is remanded to the trial court with directions to calculate Park's sentencing custody credits consistent with the requirements established in *People v. Buckhalter*, *supra*, 26 Cal.4th 20, 29-30. The court shall prepare an amended abstract of judgment reflecting the credit calculation and forward the amended abstract to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.

AARON, J.


3