Filed 3/9/15  P. v. Clay CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROY DYCRUS CLAY,<br><br>    Defendant and Appellant. | B259717<br><br>(Los Angeles County<br>Super. Ct. No. SA075790) |

APPEAL from an order of the Superior Court of Los Angeles County, Elden Fox, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2010 Clay was charged in an amended felony complaint with one count of automobile burglary and two counts of grand theft of personal property with special allegations he had suffered two prior serious or violent felony convictions (burglary in 1977 and robbery in 1981) within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)) and had served 12 separate prison terms for felonies (Pen. Code, § 667.5, subd. (b)). Clay pleaded not guilty and denied the special allegations.

In 2011 Clay waived his rights to a preliminary hearing and to a jury trial, entered an open plea of guilty to the charges and admitted all the alleged prior felony convictions. The sentencing hearing was continued several times. By the time sentencing occurred on May 4, 2012, Clay had been convicted and sentenced in another case to a four-year state prison term. After the prosecutor agreed to the trial court granting Clay's motion to dismiss his 1977 burglary conviction as a prior strike conviction (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*); Pen. Code, § 1385), the court sentenced Clay as a second strike offender to an aggregate state prison term of nine years eight months for automobile burglary (count 1) and grand theft of personal property (count 3) to be served concurrently with the four-year sentence imposed in the other case. The court stayed sentencing for grand theft of personal property (count 2) pursuant to Penal Code section 654 and dismissed the remaining prior prison term enhancements. The court awarded Clay 166 days of presentence custody credit, ordered him to pay restitution to each of the victims, imposed a $2,160 victim restitution fine, imposed and stayed a parole revocation fine and imposed other mandatory fines, fees and assessments. Clay did not appeal from the judgment or move to withdraw his plea.

On July 20, 2014 Clay, representing himself, filed a motion to correct an unauthorized sentence and for other relief. The trial court found Clay had failed to show good cause and denied the motion. Clay appealed from this postjudgment order.

We appointed counsel to represent Clay on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On January 26, 2015 we advised Clay he had 30 days in which to personally submit any contentions or

issues he wished us to consider. On February 18, 2015 we received a hand-printed two-page response and attachments in which Clay asserted the trial court erred in sentencing him as a second strike offender based on his 1977 burglary conviction. According to Clay, this felony conviction was properly deemed a misdemeanor for all purposes when he was discharged from the California Youth Authority (CYA) (now Division of Juvenile Justice) pursuant to Penal Code section 17, subdivision (c).

Clay was committed to serve concurrent terms at CYA for the 1977 burglary and for receiving stolen property and was discharged in 1981. It is true Penal Code section 17, subdivision (c), provides, "When a defendant is committed to the Division of Juvenile Justice for a crime punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail not exceeding one year, the offense shall, upon the discharge of the defendant from the Division of Juvenile Justice, thereafter be deemed a misdemeanor for all purposes." However, this statute does not apply to Clay's 1977 burglary conviction, which was for first degree burglary, a felony punishable by imprisonment in the state prison. (Pen. Code, § 461, subd. (a).) First degree burglary, unlike second degree burglary (Pen. Code, § 461, subd. (b)), is not an offense punishable either by imprisonment in state prison or the county jail, which can subsequently be reduced to a misdemeanor. (Pen. Code, § 17; see generally *People v. Park* (2013) 56 Cal.4th 782, 789-795.)

We have examined the record and are satisfied Clay's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The order is affirmed.

PERLUSS, P. J.

We concur:

ZELON, J.

FEUER, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.