Filed 4/14/15  P. v. Sims CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW AUBREY SIMS,<br><br>    Defendant and Appellant. | D066438<br><br><br><br>(Super. Ct. No. SCE186365) |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Donna L. Harris, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

In this appeal, Sims contends the trial court erred in denying his petition for recall of sentence pursuant to Penal Code[1] section 1170.126 because it relied on the current list of serious and violent felonies in finding him ineligible.  He also urges this court to apply the rule of lenity in support of his interpretation of section 1170.126.  We affirm.

FACTUAL BACKGROUND

On January 27, 1998, Matthew Sims attacked his girlfriend and threatened to cut off her head or put out a "contract" on her to have her killed if he was in prison.  On October 9, 1998, a jury convicted Sims of making a terrorist threat (§ 422, count 2).  The court imposed a three strikes sentence of 25 years to life on count 2.

In December 6, 2012, Sims filed a petition for recall of his sentence pursuant to section 1170.126.  The court denied his petition on the ground that his commitment offense was a serious felony under section 1192.7, subdivision (c)(38), making him ineligible for resentencing.

In March 11, 2014, Sims filed another petition for recall of his sentence under section 1170.126.  In August 2014, the court denied his petition on the ground it raised "no new or additional issues" and therefore, his section 422 conviction still disqualified him from resentencing.

Sims timely appealed.  He contends that his commitment offense, criminal threats, does not render him ineligible for resentencing because he committed that offense before it was added to the list of serious felonies set forth in section 1192.7, subdivision (c).  He

_____

1       All statutory references are to the Penal Code unless otherwise specified.

2

also contends that we should apply the rule of lenity in interpreting section 1170.126.  As we explain, we reject his contentions and affirm the order denying his section 1170.126 petition.

I

*SIMS TIMELY APPEALED THE AUGUST 2014 ORDER DENYING*
*HIS PETITION FOR RECALL OF SENTENCE*

As a threshold matter, respondent contends Sims should have appealed the December 14, 2012 order denying his first petition.  Respondent argues the two petitions are substantially the same, and thus he should have appealed from the court's previous order, and that the tolling period for filing an appeal began the day the court denied his first petition, in December 2012.  Respondent argues therefore Sims's appeal of the August 2014 order is untimely.  We disagree.

Respondent essentially claims Sims's second petition is simply a repeat of his first petition; however, the court treated them as two separate petitions.  Although the court acknowledged that "Sims had previously filed a very similar petition raising the same issues," it ruled on the merits of the second petition without any mention of timeliness or jurisdictional issues.  Moreover, the prosecution did not raise the timeliness of the petition or argue the court lacked jurisdiction to hear the petition.  Sims timely appealed the court's ruling, and this appeal therefore is properly before us.

## II

*SECTION 1170.126 APPLIES THE CURRENT DEFINITION OF SERIOUS OR VIOLENT FELONIES FOR PURPOSES OF AN INMATE'S ELIGIBILITY FOR RECALL OF SENTENCE*

Sims contends that section 1170.126 qualifies him for discretionary resentencing because sections 1192.7, subdivision (c) and 667.5, subdivision (c) did not define his third strike, making criminal threats under section 422, as a serious or violent felony on the date he committed the crime. Respondent contends that eligibility for resentencing is determined by reference to the list of serious felonies when Proposition 36, also known as the Three Strikes Reform Act ("the Act"), was approved by the voters in November 2012.[2]

### A. Proposition 36

"On November 6, 2012, the voters approved [the Act], which amended sections 667 and 1170.12 and added section 1170.126 . . . . The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be

---

[2] We note this identical question is pending before our Supreme Court in *Braziel v. Superior Court*, review granted July 30, 2014, S218503, and *People v. Johnson*, review granted July 30, 2014, S219454.

sentenced as a second strike offender.  (§§ 667, 1170.12.)  The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety.  (§ 1170.126.)"  (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

### B.  General Rules of Statutory Interpretation

The interpretation of section 1170.126 is a question of law that we review de novo.  (*People ex. rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.)  We interpret a voter initiative primarily to ascertain and effectuate the voters' intent.  (*People v. Park* (2013) 56 Cal.4th 782, 796.)  We apply the same principles that govern statutory construction to a statute enacted by voter initiative; thus, to ascertain intent we look first to the words of the statute, giving the words their ordinary meaning.  (*Ibid*.)  We also consider "the statute read as a whole, harmonizing the various elements by considering each clause and section in the context of the overall statutory framework."  (*People v. Jenkins* (1995) 10 Cal.4th 234, 246.)

Here, Sims's argument cannot prevail under the plain language of section 1170.126.  That statute refers to serious or violent felony convictions in the present tense.  (§ 1170.126, subd. (e)(1) ["*An inmate is eligible for resentencing if:*  [¶] (1) the inmate is serving an indeterminate term of life imprisonment . . . for a conviction of a felony or felonies that *are not* defined as serious and/or violent felonies . . . ", italics added];

5

§ 1170.126, subd. (b) ["[a]ny person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that *are not* defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence," italics added].)  " '[The legislative] use of a verb tense is significant in construing statutes.' "  (*People v. Loeun* (1997) 17 Cal.4th 1, 11.)

According significance to the use of the present tense in section 1170.126, subdivisions (b) and (e), and giving the language of the subdivisions its ordinary and usual meaning, we conclude an inmate like Sims here serving a third strike term is eligible for resentencing under Proposition 36 only if his or her commitment offense was not listed as a serious or violent felony as of the date Proposition 36 went into effect, November 7, 2012.  Because Sims's commitment offense was listed as a serious felony on November 7, 2012 in section 1192.7, he was ineligible for resentencing.

Further, section 1170.126, subdivision (a) illustrates that the resentencing provisions apply "exclusively to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence."  The intent of the voters could not be more clear: section 1170.126 applies only to those who, although presently serving an indeterminate term under the former "three strikes" scheme for being a "third striker," would have received a "second striker" sentence under the provisions of the Act as it existed on

6

November 7, 2012. (See § 1170.126, subd. (a).) Thus, for this additional reason we conclude Sims was ineligible for resentencing under section 1170.126. (See § 1192.7, subd. (c)(38).)

## III

### *SIMS CANNOT INVOKE THE RULE OF LENITY BECAUSE IT DOES NOT APPLY TO SECTION 1170.126*

In the alternative, Sims urges this court to apply the rule of lenity, which "compels courts to resolve true statutory ambiguities in a defendant's favor . . . ." (See *People v. Anderson* (2002) 28 Cal.4th 767, 780.) However, the rule of lenity applies "only if two reasonable interpretations of the statute stand in relative equipoise." (*Ibid.*) For the reasons stated above, Sims's interpretation of section 1170.126 is not reasonable and therefore, the rule of lenity cannot apply.

## DISPOSITION

The order denying Sims's petition for resentencing is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

McDONALD, J.

O'ROURKE, J.

7