Filed 2/10/16  P. v. Papenhausen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Plumas)

----

| | |
|---|---|
| THE PEOPLE, | C078640 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF 11-01081) |
| v. | |
| SCOTT EVERETT PAPENHAUSEN, | |
| Defendant and Appellant. | |

Defendant Scott Everett Papenhausen appeals from the trial court's orders denying his petition to resentence him on a prior prison term enhancement (Pen. Code,[1] § 667.5, subd. (b)) pursuant to section 1170.18.  He contends that designating as a misdemeanor

---

[1]  Undesignated statutory references are to the Penal Code.

the prior felony conviction that forms the basis of a prior prison term enhancement invalidates that enhancement. We affirm.

BACKGROUND[2]

A jury convicted defendant of selling or furnishing methamphetamine (Health & Saf. Code, § 11379, subd. (a)), possession of methamphetamine (Health & Saf. Code, former § 11377, subd. (a)), and misdemeanor resisting on officer (§ 148, subd. (a)(1)) and sustained an enhancement for personal use of a deadly or dangerous weapon (§ 12022, subd. (b)(1)). (*People v. Papenhausen* (June 7, 2013, C071602) [nonpub. opn.] (*Papenhausen*).) Defendant admitted allegations of two prior prison terms and a prior drug conviction (Health & Saf. Code, § 11370.2), and the trial court sentenced him to nine years in state prison and six months in county jail. (*Papenhausen, supra*, C071602.) The prior prison term enhancements were based on a 2006 conviction for possession of a controlled substance and a 2004 Nevada conviction for a similar offense. (Nev. Rev. Stat. 453.337 (1997).)

Defendant filed a petition for resentencing requesting resentencing on the possession of methamphetamine count and on the prior prison term enhancements. The trial court reduced the possession of methamphetamine count to a misdemeanor, struck the enhancement for use of a deadly or dangerous weapon attached to that count, modified the sentence on that count to a consecutive term of eight months in county jail, denied resentencing on the prior prison terms, and modified the sentence on the other counts to a county jail term (§ 1170, subd. (h)(6)), for a total term of nine years two months in county jail.

---

[2] We dispense with the facts of defendant's crimes as they are unnecessary to resolve this appeal.

2

DISCUSSION

Defendant contends that he is entitled to resentencing on the prior prison term enhancement that was based on his prior conviction for possession of a controlled substance, as that offense is now a misdemeanor following the passage of Proposition 47. We disagree.

Proposition 47, the Safe Neighborhoods and Schools Act (Act), which was enacted three days before the second sentencing hearing, requires "misdemeanors instead of felonies for nonserious, nonviolent crimes . . . unless the defendant has prior convictions for specified violent or serious crimes." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.) Among the affected crimes is possession of a controlled substance, which is now a misdemeanor barring certain exceptions not relevant here. (See Health & Saf. Code, § 11377.) Since the prior prison term enhancement requires that defendant was convicted of a felony and served a prison term for that conviction (§ 667.5, subd. (b)), this raises the question of whether a prior prison term enhancement based on what is now a misdemeanor conviction survives the Act.

We begin by noting that section 1170.18 does not apply retroactively. Subdivision (k) was interpreted in the context of felony jurisdiction over criminal appeals in *People v. Rivera* (2015) 233 Cal.App.4th 1085 (*Rivera*). *Rivera* found that subdivision (k), which parallels the language from section 17 regarding the reduction of wobblers to misdemeanors,[3] should be interpreted in the same way as being prospective, from that

_____

[3] Section 17, subdivision (b) states in pertinent part: "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances . . . ."

3

point on, and not for retroactive purposes. (*Rivera*, at p. 1100; see also *People v. Moomey* (2011) 194 Cal.App.4th 850, 857 [rejecting assertion that assisting a second degree burglary after the fact does not establish the necessary element of the commission of an underlying felony because the offense is a wobbler: "Even if the perpetrator was subsequently convicted and given a misdemeanor sentence, the misdemeanant status would not be given retroactive effect"].) The court in *Rivera* accordingly concluded that the felony status of an offense charged as a felony did not change after the Act was passed, thereby conferring jurisdiction on the Court of Appeal.[4] (*Rivera*, at pp. 1094-1095, 1099-1101.) We see no reason to depart from *Rivera*. Although *Rivera* addressed subdivision (k) in a different context, its analysis of subdivision (k) is equally relevant here.

The Supreme Court's interpretation of section 17, subdivision (b) in *People v. Park* (2013) 56 Cal.4th 782 (*Park*) is instructive. In *Park*, the Supreme Court held that a felony conviction properly reduced to a misdemeanor under section 17, subdivision (b), could not subsequently be used to support an enhancement under section 667, subdivision (a). (*Park*, at p. 798.) Applying the reduction to eliminate an enhancement would be a retroactive application, which is impermissible under both section 17 and the Act. The distinction between retroactive and prospective application was recognized by the Supreme Court in *Park*. "There is no dispute that, under the rule in [prior California

---

[4] *Rivera* also noted the absence of any evidence that the voters wanted to go beyond directly reducing future and past punishment for convictions under the six included offenses. (*Rivera, supra*, 233 Cal.App.4th at p. 1100 ["Nothing in the text of Proposition 47 or the ballot materials for Proposition 47—including the uncodified portions of the measure, the official title and summary, the analysis by the legislative analyst, or the arguments in favor or against Proposition 47—contains any indication that Proposition 47 or the language of section 1170.18, subdivision (k) was intended to change preexisting rules regarding appellate jurisdiction."].)

Supreme Court] cases, [the] defendant would be subject to the section 667[, subdivision] (a) enhancement had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor." (*Park*, *supra*, 56 Cal.4th at p. 802.) Retroactive versus prospective application was also invoked by the Supreme Court in distinguishing cases cited by the Attorney General. "None of the cases relied upon by the Attorney General involves the situation in which the trial court has affirmatively exercised its discretion under section 17[, subdivision] (b) to reduce a wobbler to a misdemeanor before the defendant committed and was adjudged guilty of a subsequent serious felony offense." (*Id*. at pp. 799-800.) Since the defendant committed his current felonies before his prior convictions could be reduced to a misdemeanor, applying that reduction to eliminate the corresponding prior prison term enhancement would be an impermissible retroactive application of the Act.

Defendant's reliance on *People v. Flores* (1979) 92 Cal.App.3d 461 (*Flores*) fares no better. The defendant in *Flores* was sentenced to prison following his conviction of selling heroin (Health & Saf. Code, § 11352), and his state prison sentence for that crime was enhanced by one year under section 667.5, subdivision (b) (*Flores,* at pp. 464, 470). The enhancement was based on a prior felony conviction of possession of marijuana under Health and Safety Code section 11357 (*Flores,* at p. 470). That statute had since been amended in 1975 to make possession of marijuana a misdemeanor. (*Id*. at p. 471.)

The *Flores* court noted that in 1976 the Legislature enacted Health and Safety Code section 11361.5, subdivision (b), which "authorize[d] the superior court, on petition, to order the destruction of all records of arrests and convictions for possession of marijuana, held by any court or state or local agency and occurring prior to January 1, 1976." (*Flores, supra*, 92 Cal.App.3d at p. 471.) Also in 1976, Health and Safety Code section 11361.7 "was added to provide in pertinent part that: '(a) Any record subject to destruction . . . pursuant to Section 11361.5, or more than two years of age, or a record of a conviction for an offense specified in subdivision (a) or (b) of Section 11361.5 which

5

became final more than two years previously, shall not be considered to be accurate, relevant, timely, or complete for any purposes by any agency or person. . . . (b) No public agency shall alter, amend, assess, condition, deny, limit, postpone, qualify, revoke, surcharge, or suspend any certificate, franchise, incident, interest, license, opportunity, permit, privilege, right, or title of any person because of an arrest or conviction for an offense specified in subdivision (a) or (b) of Section 11361.5 . . . on or after the date the records . . . are required to be destroyed . . . or two years from the date of such conviction . . . with respect to . . . convictions occurring prior to January 1, 1976.' " (*Flores,* at pp. 471-472, italics omitted.) Based on these amendments, the court concluded that "the Legislature intended to prohibit the use of the specified records for the purpose of imposing any collateral sanctions," such as the prior prison term enhancement. (*Id.* at p. 472.)

*Flores* is inapposite because there is no similar clear declaration of legislative intent for full retroactivity either in the Act generally or section 1170.18 in particular. If the drafters wanted to invalidate prior prison term allegations because the underlying felony was now a misdemeanor, they could have included legislative language like that discussed in *Flores*. They did not.

When a defendant admits to the elements of the prior prison term enhancement, the subsequent reduction to a misdemeanor of the prior felony conviction underlying the enhancement does not prevent the trial court from imposing the prison prior at sentencing. Since defendant admitted having a prior felony conviction for possession of a controlled substance and having served a prior prison term for that conviction, the subsequent reduction of that offense to a misdemeanor did not prevent the trial court from imposing the enhancement at sentencing.

DISPOSITION

The judgment (order denying defendant's petition) is affirmed.



                         /s/
                         Blease, Acting P. J.


We concur:



     /s/
     Nicholson, J.



     /s/
     Hoch, J.

7