Filed 6/1/16  P. v. Linneman CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064214 |
| v. | (Super.Ct.No. FSB901059) |
| RONALD LEE LINNEMAN, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, (retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) and Harold T. Wilson, Jr., Judges.  Affirmed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

On November 4, 2014, the voters approved the Safe Neighborhoods and Schools Act (Proposition 47), which allows a person convicted of a felony prior to its passage, who would have been guilty of a misdemeanor under Proposition 47, to petition the court to reduce his or her felony conviction to a misdemeanor and be resentenced. The proposition created Penal Code section 1170.18[1] which sets forth the guidelines for filing such a petition.

In 2009, defendant and appellant Ronald Lee Linneman, Jr., entered a plea of guilty to home-invasion robbery (which is not an eligible offense under § 1170.18) and with having suffered a prior violent felony conviction. He additionally admitted that he suffered a prior conviction for which he served a prison term within the meaning of section 667.5, subdivision (b). In 2015, in a separate proceeding, defendant had the felony (used to enhance his sentence under section 667.5, subdivision (b) in this case) reduced to a misdemeanor. Defendant subsequently filed a petition to recall his sentence (Petition) in which he listed his convictions in the current case arguing he was eligible for resentencing. He then sought to have the Petition reconsidered, arguing the prior conviction should be reduced to misdemeanors. His Petition was denied.

Defendant appeals the trial court's denial of his Petition. He claims that the trial court erred when it refused to strike the one-year sentence on his section 667.5, subdivision (b) prior conviction because he insists that under Proposition 47, once his prior felony conviction was reduced to a misdemeanor, the conviction could no longer be

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

used to enhance his sentence in this case.[2]  We conclude that a previously imposed

sentence enhanced by a section 667.5, subdivision (b) prior prison term is not affected

due to the prior conviction subsequently being reduced to a misdemeanor under

Proposition 47.  Proposition 47 was not intended to apply retroactively to enhancements

on convictions for which the sentence has been imposed and the judgment is final.

**FACTUAL AND PROCEDURAL HISTORY**

On July 13, 2009, an information was filed in San Bernardino County case No.

FSB901059 charging defendant with two counts of home invasion robbery (Pen. Code,

§ 211) and with the enhancement for both counts that a principal personally used a

firearm (Pen. Code, § 12022.53, subds. (b) & (e)(1)).  He was also charged with having

suffered one prior serious and violent felony conviction (Pen. Code, §§ 667, subds. (a),

(b) through (i), 1170.12, subds. (a) through (d)) and two prior felony convictions for

which he served a prior prison term (Pen. Code, § 667.5, subd. (b)).  One of the Penal

Code section 667.5, subdivision (b) priors (case No. FV1017031) was for violating

Health and Safety Code section 11377, subdivision (a).[3]

---

[2]  Defendant has also filed a petition for writ of habeas corpus in case No.
E065088, which is being considered with the instant appeal.  It will be resolved by
separate order.

[3]  A violation of Health and Safety Code section 11377, subdivision (a) is now a
misdemeanor pursuant to Penal Code section 1170.18.  Defendant requested that we take
judicial notice of the minute order reducing his prior conviction to a misdemeanor.  We
grant the request.

3

On October 30, 2009, defendant admitted to one count of robbery; that he suffered one prior violent felony conviction; and had suffered one prison prior. The remaining robbery count and gun enhancement were dismissed. Defendant was sentenced to the upper term of nine years for the robbery, five years for the violent felony conviction, and one year for the prior prison term. He received a total sentence of 15 years to be served in state prison.

On December 22, 2014, defendant filed the Petition. He alleged that on March 17, 2009, he was convicted of "pc2 pc667(A)(1) pc667.5(B) pc1170.12(A)-(D) pc." He marked the box that he qualified for redesignation of this matter to a misdemeanor because there were no disqualifiers under section 1170.18. He also stated he was currently in custody in state prison. He requested he receive credit for time served on the redesignated charge. He attached the minute order from the original sentencing.

On January 30, 2015, his Petition was called with several Proposition 47 petitions. The trial court noted at the outset, "there are a number of cases where the defendant does not qualify for relief under Prop 47, due to the nature of the charges, and a few of the cases also due to the nature of the prior convictions. [¶] So, in the following cases, the defendant's petition to reduce the conviction to a misdemeanor is denied, and the defendant's petition for resentencing as a misdemeanor is denied. [¶] And so the existing sentences remain in effect." Defendant's name and case was then called.

On the same day, in front of the same trial court judge, defendant's petition to recall his sentence in case No. FV1017031 was heard. The trial court granted the petition and reduced his felony conviction to a misdemeanor.

4

On May 18, 2015, the Petition was set for another hearing. Counsel for defendant was present and advised the trial court defendant was seeking to have his Petition "reconsidered, the Prop 47 issue on his priors, if they should be reduced to misdemeanors." The trial court noted the section 1170.18 petition had already been denied and the ruling would stand.

On July 9, 2015, defendant sent a letter to the San Bernardino County Superior Court. In the letter, he sought to appeal the denial of the Petition. He stated the prior felony conviction enhancement pursuant to section 667.5, subdivision (b) for which he received an additional one-year sentence in this case, had since been reduced to a misdemeanor. He wanted to appeal the denial of his Petition and be resentenced to 14 years. He attached a record of actions in case No. FV1017031, presenting his conviction was reduced to a misdemeanor. The notice of appeal was deemed timely.

**DISCUSSION**

Defendant was sentenced in this case in 2009. Proposition 47 went into effect in 2014. After the effective date, and after the sentence was final in this case, defendant was able to have his prior conviction, which was used as a section 667.5, subdivision (b) enhancement in this case, reduced to a misdemeanor. Defendant insists on appeal that his sentence in this case must be recalled and the prior conviction can no longer be used to enhance his sentence. His sentence in this case should be reduced by one year. We disagree.

5

Initially, the People contend that defendant never raised this claim below. They rely on the fact that in the Petition, defendant only listed his current convictions, which were clearly not eligible for resentencing under Proposition 47. However, at the reconsideration hearing, defendant's counsel advised the trial court that defendant wanted to raise the claim that his sentence on his priors should be reduced. This was enough to alert the trial court as to the claim defendant was raising; therefore, it has not been forfeited.

Moreover, the issue in this case is a question of statutory construction which is appropriately considered by this court as a question of law. (*People v. Taylor* (1992) 6 Cal.App.4th 1084, 1090-1091.) "[O]ur interpretation of a ballot initiative is governed by the same rules that apply in construing a statute enacted by the Legislature. [Citations.] We therefore first look to 'the language of the statute, affording the words their ordinary and usual meaning and viewing them in their statutory context.' [Citations.] Once the electorate's intent has been ascertained, the provisions must be construed to conform to that intent. [Citation.] '[W]e may not properly interpret the measure in a way that the electorate did not contemplate: the voters should get what they enacted, not more and not less.'" (*People v. Park* (2013) 56 Cal.4th 782, 796 (*Park*).)

Several courts have found that Proposition 47 does not apply to enhancements pursuant to section 667.5, subdivision (b) for cases where the judgment imposing the enhancement has become final.[4] We briefly address the issue.

Proposition 47 provides two ways that a defendant can petition the court for relief. First, "A person currently serving a sentence for a conviction, . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case . . . ." (§ 1170.18, subd. (a).) If the defendant's felony would have been a misdemeanor, the defendant will be resentenced unless the trial court finds "resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).) If the defendant has completed his or her sentence, section 1170.18, subdivision (f) provides, "A person who has completed his or her sentence for a conviction, . . . of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." Section 1170.18, subdivision (k), further provides "Any felony conviction that is recalled and resentenced under subdivision (b) or

---

[4] We note the California Supreme Court has granted review on cases that involve this issue: *People v. Valenzuela*, review granted March 7, 2016, S232900; *People v. Carrea*, review granted April 27, 2016, S233011; *People v. Williams*, review granted May 11, 2016, S233539; *People v. Ruff*, review granted May 11, 2016, S233201.

designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes," except for ownership of a firearm.

Section 667.5 requires "[e]nhancement of prison terms for new offenses because of prior prison terms." Under subdivision (b), "where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term." (§ 667.5, subd. (b).)

Nothing in the plain language of the statute provides a remedy for someone who is currently serving a sentence for an "enhancement" and not a "conviction." Section 1170.18 only refers to conviction and a person who is currently serving a sentence for the conviction. Defendant is not currently serving a sentence on the prior conviction, which was reduced to a misdemeanor; he is serving on the enhancement. Nothing in the language of section 1170.18 provides for a procedure to reach back and resentence on an enhancement when a case is final and the current convictions are ineligible for resentencing.

Moreover, nothing in the language of section 1170.18 supports that it is intended to be applied retroactively to enhancements on convictions that do not qualify under Proposition 47 and are final. Section 3 specifies that no part of the Penal Code "is retroactive, unless expressly so declared." "The language of section 3 erects a strong presumption of prospective operation, codifying the principle that, 'in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very

8

clear from extrinsic sources that the Legislature [or electorate] . . . must have intended a retroactive application.' [Citations.] Accordingly, '"a statute that is ambiguous with respect to retroactive application is construed . . . to be unambiguously prospective."'" (*People v. Brown* (2012) 54 Cal.4th 314, 324.)

Section 1170.18 provides no express retroactive provision except as previously delineated regarding reducing a conviction on which a sentence is currently being served. Moreover, section 1170.18, subdivision (k) provides, "Nothing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act." The intent from the language is clear; it was not to disturb final judgments of conviction which do not fall under Proposition 47. Here, defendant was convicted of home invasion robbery, which is a crime not included in Proposition 47. There is no language in section 1170.18 that indicates this provision was intended to have the retroactive collateral consequences advocated by defendant.

Defendant claims the decision in *Park*, *supra*, 56 Cal.4th 782 "is controlling" and the trial court should have reduced his sentence by one year. In *Park*, the defendant's sentence for his current crimes was enhanced by five years based on a prior conviction suffered pursuant to section 667, subdivision (a). Prior to the defendant committing his current crimes, the trial court reduced the prior offense to a misdemeanor under section 17, subdivision (b)(3), and then dismissed it pursuant to section 1203.4, subdivision (a)(1). (*Park*, at pp. 787-788.) In *Park*, the Court of Appeal held the conviction remained a prior serious felony for purposes of sentence enhancement under section 667, subdivision (a), but the California Supreme Court disagreed as follows: "[W]hen the

9

court in the prior proceeding properly exercised its discretion by reducing the . . . conviction to a misdemeanor, that offense no longer qualified as a prior serious felony within the meaning of section 667, subdivision (a), and could not be used, under that provision, to enhance defendant's sentence." (*Park*, at p. 787.)

*Park* is easily distinguishable from this case. Here, the prior conviction was not reduced to a misdemeanor until *after* defendant committed the home-invasion robbery in this case, and after the sentence was final. *Parks* is not controlling in a situation such as this one where a sentence is final and thereafter a prior conviction which was used as an enhancement is reduced to a misdemeanor.

Defendant also relies upon *People v. Flores* (1979) 92 Cal.App.3d 461. In that case, the defendant was convicted in 1977 for the sale of heroin and the sentence was enhanced with a 1966 felony conviction for the sale of marijuana. (*Id*., at pp. 470-471.) However, in 1976, the Legislature had amended the statute punishing the sale of marijuana by reducing it to a misdemeanor. On direct appeal of the 1977 sale of heroin conviction, the appellate court found the 1976 amendment applied to all new sentences and the enhancement could not be imposed. (*Id*. at pp. 470-474.)

*Flores* is inapposite to this case. In that case, the issue arose on appeal of the current crimes. Here, defendant's conviction and sentence for the home invasion robbery has long since been final. Proposition 47 was enacted after the finality of the judgment in this case. *Flores* does not authorize the retroactive application that defendant seeks in this case.

Defendant has not shown that Proposition 47 was intended to allow retroactive relief for those who have a conviction that does not qualify for resentencing but was enhanced by a felony conviction that has since been reduced to a misdemeanor. Defendant is not entitled to relief under Proposition 47.

## DISPOSITION

The denial of defendant's Petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

HOLLENHORST
Acting P. J.

SLOUGH
J.

11